UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO.: |
| BLOSSMAN BANCSHARES, INC. | 11-13519 |
| Debtor | SECTION "B" |
| | CHAPTER 11 |

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b); FED. R. BANKR. P. 2002, 6004, AND 9014; (I) APPROVING (A) AUCTION PROCEDURES, (B) THE FORM AND MANNER OF NOTICE OF THE SALE OF CERTAIN ASSETS, AND (C) GRANTED RELATED RELIEF

This matter having come before this Court on the motion of Blossman Bancshares, Inc. ("BBI")[1] for Authority To Sell Certain Assets Free and Clear of Encumbrances and for Orders Pursuant to §§ 105(a) and 363(b), of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"); Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (I) Approving (A) Auction Procedures, (B) Bidding Protections, and (C) the Form and Manner of the Notice of Sale; and (II) Waiving the 14-Day Stay of Bankruptcy Rule 6004(h) (the "Sale Motion"); and BBI, by the Sale Motion, having requested the entry of an order (the "Auction Procedures Order") (a) approving auction procedures in connection with the Sale (as amended, the "Auction Procedures"); (b) approving the Minimum Overbid, the Expense Reimbursement, and bidding increments of no less than $25,000.00 (the "Bidding Increments") (collectively, as amended, the "Bidding Protections") pursuant to and as described in the Agreement; (c) approving the form and

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or related Acquisition Agreement (the "Agreement"), as appropriate.

manner of the notice that will be filed with this Court and served on all creditors and parties-in-interest regarding the Sale and related Sale Hearing (as amended, the "<u>Notice of Sale</u>") and (d) scheduling a hearing at which this Court will consider approval of the Sale pursuant to and as described in the Agreement (the "<u>Sale Hearing</u>");  and this Court having reviewed and considered (i) the Sale Motion and the exhibits thereto; (ii) argument of counsel in support of the entry of the Auction Procedures Order; (iii) the opposition thereto filed by Alesco Preferred Funding XIV, LTD, through ATP Management LLC ("Alesco"), and (iv) the agreement between the Debtor and Alesco resolving Alesco's opposition to the entry of the Auction Procedures Order, with modifications set forth on the record at the  hearing  (the "<u>Auction Procedures Hearing</u>") and set forth herein; and it appearing that the relief approved herein is appropriate and that adequate notice of the entry of this Order as set forth in the Sale Motion has been given and that no further notice need be given prior to the entry of this Order; and upon the record of the Auction Procedures Hearing; and good cause appearing therefore,

**IT IS ORDERED THAT:** This Court has jurisdiction over this matter and over the property of BBI and its bankruptcy estate pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A), (N), and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Auction Procedures as set forth in <u>Exhibit A</u> hereto (and incorporated herein by reference as if fully set forth in this Auction Procedures Order) shall be utilized in the marketing and the auctioning of the CPB Stock, to be sold free and clear of all

Encumbrances.

**Auction Procedures**

2.      The Auction Procedures, as set forth in <u>Exhibit A</u> hereto (and incorporated herein by reference as if fully set forth in this Auction Procedures Order), are hereby approved.

3.      The failure specifically to include or reference any particular provision of the Auction Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of this Court that the Auction Procedures be authorized and approved in their entirety.

4.      Within three Business Days[2] following the entry of this Auction Procedures Order, the Debtor shall provide marketing materials to (i) each entity previously contacted concerning the sale of the CPB Stock, CPB's underlying assets, including REO Property and non-performing loans, or any related transaction, and (ii) other entities mutually agreed upon by the Debtor and Alesco, which marketing materials shall be in a form mutually agreed upon by the Debtor and Alesco, not to be unreasonably withheld, and provided, however, that Alesco shall respond on its approval of BBI's marketing materials within 24 business hours of receipt.

5.      Any person wishing to submit a higher or better offer for CPB Stock, or any portion thereof, must do so in accordance with the terms of the Auction Procedures.

6.      No party other than FNBC, submitting an offer to purchase the Stock or having made a Qualified Bid of any nature: (a) may request as part of any such offer any expense reimbursement, break-up fee, termination payment or any other similar fee or

---

[2] "Business Day" shall be defined as a day that is not a Saturday, Sunday or a holiday in New Orleans, Louisiana.

payment in connection with the Sale process contemplated by these Auction Procedures; or (b) shall be entitled to any of the foregoing payments by reason of having tendered any such offer to purchase the CPB Stock (or a portion thereof).

7.      In order to participate at the Auction, an Overbidder must qualify as a Qualified Overbidder on or before **November 22, 2011, at 3:00 p.m.** (Prevailing Central Time) (the "<u>Qualification Deadline</u>"), as further described in the Auction Procedures.  If there is a dispute as to whether a bidder is a Qualified Overbidder, the Court will decide the dispute on an expedited basis, subject to the Court's availability.

8.      In order to participate at the Auction, an Overbidder must submit its bid in a form reasonably acceptable to BBI (with copies to certain professionals as explained in the Auction Procedures) on or before **November 28, 2011, at 3:00 p.m.** (Prevailing Central Time) (the "<u>Bid Deadline</u>"), as further described in the Auction Procedures. Alesco shall be entitled to receive  a copy of any bids submitted by Overbidders in accordance with the Auction Procedures.  In the event of a dispute as to whether a bid qualifies as an Initial Overbid, the Court will resolve any unresolved dispute at or before the Auction.

**<u>Bidding Protections</u>**

9.      FNBC shall be entitled to an Expense Reimbursement of up to $200,000, to the extent the Court approves such expenses, if FNBC is not the highest and best bidder at the Auction and a Sale Order is entered approving such other bidder.

10.      The minimum Initial Overbid shall be $625,000 of consideration to be provided as of the Closing Date.

11.      Bidding Increments at the Auction shall be in the amount of at least

$25,000.

## Auction and Sale Hearing

**12.**     The Auction (if any qualifying bids are received), and Sale Hearing to consider approval of the Sale to the Successful Bidder (or to approve the Agreement if no Auction is held) will take place on **November 29, 2011, at 2:00 p.m.** (Prevailing Central Time) before the Honorable Judge Jerry A. Brown in the United States Bankruptcy Court for the Eastern District of Louisiana, Hale Boggs Federal Building, 500 Poydras Street, Suite B-705, New Orleans, Louisiana 70130.

**13.**     Objections to the entry of an order approving the Sale and the related relief requested in the Sale Motion must be made in writing and must be filed with this Court and served upon the following parties so as to be received by no later than **November 23, 2011, at 3:00 p.m.** (Prevailing Central Time) and served on : (i) Robin B. Cheatham, Adams and Reese LLP, 701 Poydras Street, Suite 4500, New Orleans, Louisiana 70139, counsel for BBI; (ii) Geoffrey S. Kay, Fenimore, Kay, Harrison & Ford, LLP, 111 Congress Avenue, Suite 820 Austin, Texas 78701, counsel for FNBC; and (iii) the Office of the United States Trustee.

**14.**     The Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open Court or on this Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

## Notice

**15.**     The form and manner of notice of the Notice of Sale attached hereto as Exhibit B shall be good and sufficient, and no other or further notice thereof shall be

required, if given as follows:

(a) BBI shall, on or before one (1) Business Day following the entry of this Auction Procedures Order on this Court's docket, serve a copy of each of the Sale Motion, the proposed form of Sale Order, the Auction Procedures Order, and a copy of the Notice of Sale, attached hereto as <u>Exhibit B</u>, by first-class mail, postage prepaid, upon the following parties (collectively, the "<u>Notice Parties</u>"): (i) any entities known to have asserted any Encumbrance in or upon the CPB Stock; (ii) all federal, state, and local regulatory authorities which have a reasonably known interest in the relief requested by the Motion, including the Federal Deposit Insurance Corporation; (iii) Louisiana Office of Financial Institutions (iv) all parties to the Agreement and all related agreements; (v) the Office of the United States Trustee; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; (viii) Federal Reserve Board; (ix) all entities that have requested notice in accordance with Bankruptcy Rule 2002; (x) all other known creditors of BBI; and (xi) counsel to any official committee established in this Chapter 11 case;

(b) Within one (1) Business Day after the date the Auction Procedures Order is entered on this Court's docket, or as soon thereafter as is practicable, BBI shall cause notice substantially in the form of the notice attached hereto as <u>Exhibit B</u>, to be published in *The Times Picayune* for a continuous period of five (5) days. This publication notice shall constitute an additional component of the Notice of Sale.

16. Subject to execution of a mutually agreeable confidentiality agreement, BBI shall provide Alesco access via an online data room to all documents previously

provided to FNBC regarding (i) the sale of the CPB Stock, (ii) the transfer of underlying assets of CPB, or (iii) any related transactions, and such other documents as may be reasonably agreed upon by BBI and Alesco, or ordered by the Court.

17.     Subject to execution of a mutually agreeable confidentiality agreement, BBI shall provide each Qualified Bidder access via an online data room to all documents previously provided to FNBC regarding (i) the sale of the CPB Stock, (ii) the transfer of underlying assets of CPB, or (iii) any related transactions, and such other documents as may be reasonably agreed upon by BBI and Alesco, or ordered by the Court.

18.     The Debtor shall fully cooperate with each Qualified Bidder's due diligence efforts.

19.     This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Auction Procedures Order.

New Orleans, Louisiana, November 4, 2011.

_____
Jerry A. Brown
U.S. Bankruptcy Judge